## COLBERT v. UNITED STATES.

### No. 8749.

United States Court of Appeals
District of Columbia.

Argued Oct. 12, 1944.

Decided Nov. 6, 1944.

Mr. Emory B. Smith, of Washington, D. C., for appellant.

Mr. Ray L. Jenkins, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, Assistant United States Attorney, both of Washington, D. C., were on the brief for appellee. Mr. Bernard Margolius, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

GRONER, C. J.

This is an appeal from a conviction and sentence on a charge of pandering.[1] Appellant at the time in question was employed as bellboy in a hotel in the District of Columbia. The testimony of complaining witness and her paramour was that on the evening of October 29, 1943, they went together to the hotel, registered as husband and wife under an assumed name, were assigned a room and immediately thereafter arranged with appellant to procure men with whom the woman would have immoral relations; that as a result the latter, that same evening, had such relations with four different men, from whom she collected $20, which she at once turned over to her paramour. The latter alone testified that he paid $8.00 of the sum to appellant for his share in procuring the business. The woman testified she knew nothing of that part of the arrangement. Both testified that the following morning they left the hotel, and the same or the next afternoon registered at another, when they were arrested and lodged in jail. Some three days later they returned to the first hotel, accompanied by a police woman and two police agents, and identified appellant as the procurer. Whereupon he was arrested, indicted and convicted.

At the trial appellant denied the charge and likewise denied ever having seen either the complaining witness or her paramour until immediately before his arrest. He produced four witnesses who testified to his general reputation for truth and veracity, and for peace and good order.

---

[1] Title 22, Sec. 2707, D.C.Code 1940. "Any person who, within the District of Columbia, shall receive any money or other valuable thing for or on account of arranging for or causing any female to have sexual intercourse with any other person or to engage in prostitution, debauchery, or any other immoral act, shall be guilty of a felony and, upon conviction, shall be punished by imprisonment for not more than five years and a fine of not more than $1,000."

On this appeal eight errors are assigned as grounds for reversal, but in the view we take of the case, it is only necessary to pass on one. It relates to the failure of the court to instruct on the weight to be given to the evidence of good character. Appellant in his prayer No. 5 asked that the court instruct the jury

"that the circumstances of a case may be such that an established reputation for good character would alone create a reasonable doubt of guilt, although without it the other evidence would be convincing." The Judge endorsed on this: "Granted in substance, denied as framed."

■ We agree with the court that the instruction as drawn was objectionable,—if for no other reasons, because it was a mere abstract or general statement without necessary relationship to the "circumstances" of the case then on trial, and also because it failed to include the specific admonition to consider the evidence of good character *together* with all the other evidence in the case. But it was easily subject to correction and this the Judge, in his verbal charge, overlooked; nor did he at any time say, directly or indirectly, anything at all as to the duty of the jury to give any weight to the evidence of good character. This we think was error. The language in which the instruction was drawn was taken from the Edgington case, Edgington v. United States, 164 U.S. 361, 366, 17 S.Ct. 72, 74, 41 L.Ed. 467, where the Supreme Court, speaking in the abstract, said:

"The circumstances may be such that an established reputation for good character, if it is relevant to the issue, would alone create a reasonable doubt, although, without it, the other evidence would be convincing."

In that case the Court was passing on an instruction given by the trial court which told the jury that evidence of good character could only be considered if the remainder of the evidence left a doubt of defendant's guilt. In condemning this statement, the Supreme Court said that evidence of good character, "when considered in connection with the other evidence in the case, may generate a reasonable doubt." And this is the language in which the instruction should have been couched. We have no doubt that just this was in the mind of the Judge when he rejected the form presented by counsel, but agreed to give its

substance in his charge. His failure to carry out this purpose was unquestionably inadvertent, but we think the omission, from whatever cause, was fatal in the circumstances of this case.

■ The evidence of the woman was that, though appellant had procured men with whom she had illegal relations, she had not herself paid him any part of the money proceeds arising out of those relations, nor had any agreement with him on that subject nor any knowledge of her own that any money had been paid to him. The necessary proof of money payment, therefore, depended wholly on the testimony of her companion, who confessedly brought her from Virginia into the District of Columbia for immoral purposes and for his own vicious ends, and who was then in the hands of the police for that crime. In such circumstances the weight to be given to his testimony, when considered in the light of evidence of the previous good character of accused, would ordinarily be measurably diminished, and an instruction on that subject might easily have changed a conclusion of guilt to one of innocence. In that view, the court having stated its purpose to instruct on the subject, appellant was entitled to have the jury told that if they believed the accused had established his previous good character, they should give that fact due weight, and, when considered with all the other evidence in the case, it might itself generate a reasonable doubt. This, in somewhat similar circumstances, was stated to be the appropriate language in which to apply the rule by the Court of Appeals in the Eighth Circuit, in Salinger v. United States, 23 F.2d 48; in the Third Circuit, in Cohen v. United States, 282 F. 871, and in the Fourth Circuit in Hoback v. United States, 284 F. 529, 533. In the latter case the Court said:

"We have, therefore, to consider whether the omission, in the respect we have pointed out, from the request as tendered to the court, relieved the court of all obligation to give any instruction on the subject. In many of the state courts, including those of Virginia, it is not the practice of the court, unless specially requested, to charge the jury as to the law in the case, and in many such courts there is no obligation imposed on the court to correct an erroneously worded instruction; but in the federal courts where, for the most part, the practice is to charge the jury in a criminal case, the bet-

ter practice it seems to us—where this custom is adopted—is that the court should direct the minds of the jury to the general principles of the law of the case which should be applied by them in reaching a correct conclusion upon all the essential questions, as distinguished from matters purely collateral, submitted for their consideration, and especially where the court has been asked to charge as to a particular matter of substantive defense, even though the request for the charge is inaccurate, because of verbal omissions, which may easily be cured by the charge as a whole."

Many other cases to the same effect could easily be cited, but we think enough has been said to indicate that where the judge elects to charge in his own language on all matters properly to be considered by the jury, the failure of a requested instruction to conform precisely to the law, should not relieve the court of the duty to charge accurately upon an important phase of the evidence. Much more is this true where, as here, the court announces its purpose so to do.

Reversed and remanded for a new trial.
Reversed.