UNITED STATES v. CAPITOL MEATS, Inc., et al.

No. 164, Docket 20858.

Circuit Court of Appeals, Second Circuit.

March 1, 1948.

Writ of Certiorari Denied May 3, 1948.

See 68 S.Ct. 1018.

See, also, D.C., 66 F.Supp. 475.

Irving J. Roth, of New York City, for appellants.

J. Vincent Koegh, U. S. Atty., of New York City (Mario Pittoni, Asst. U. S. Atty., of Lynbrook, of counsel), for appellee.

Before L. HAND, SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

Section 4 of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 904(a), declares it unlawful to sell any commodity in violation of any regulation or order establishing price schedules therefor, and § 925(b) makes it a crime for any person to violate "willfully" any of the provisions of section 4. The appellants were convicted by a jury upon an information charging them with willfully and knowingly making sales of meats above the ceiling prices established by 2nd Revised Maximum Price Regulations 169 and 398. Capitol Meats, Inc., was a wholesale meat dealer; the individual appellants were its officers who made the alleged violative sales. The evidence showed that the sales were recorded upon the corporate books as made at ceiling prices, but the purchasers to whom the sales were respectively made testified to handing over cash in addition to the ceiling price. The appellants took the stand and denied receipt of any additional sums. The corporate appellant was found guilty on 15 counts, each involving a distinct sale, and fined $1,000 on each count. Each of the individuals was found guilty on counts involving sales made by him on behalf of the corporation, and each was sentenced to 30 days in jail on one of the counts, imposition of sentence on the others being suspended. The appeal raises only questions as to the sufficiency of the charge to the jury, as to which no exceptions were taken.

As their first point the appellants urge that the charge failed to instruct the jury that the overceiling sales to be criminal must have been made "willfully." It is undoubtedly true that a charge may be so defective that the conviction cannot stand, even though no objection was made to the charge as given. Where the error is so fundamental as not to submit to the jury the essential elements of the offense of which the defendant has been found guilty, an appellate court should notice it sua sponte. Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330. That case is not, however, controlling of the case at bar. In the Civil Rights Act there under consideration the word "willfully" required a specific intent to violate the victim's constitutional rights; in the statute before us the word means no more than "knowingly" or "deliberately." Zimberg v. United States, 1 Cir., 142 F. 2d 132, 137, 138, certiorari denied 323 U.S. 712, 65 S.Ct. 38, 89 L.Ed. 573. Consequently, if it appears that the jury understood that the accused were guilty only if they knew that they were selling above the ceil-

ing price, the essential element of the crime was submitted for determination by the jury. After calling the jury's attention to the testimony of an O.P.A. official that certain ceiling prices were fixed for beef, liver, etc., the court's charge continued: "Those price ceilings affected these defendants, and to obey the law they were required to keep within the price ceilings, not to sell any commodity therein referred to beyond the ceiling prices. The Government contends that in these counts that remain for your consideration these defendants did violate the Act by selling over the price ceilings, and that is the reason they are here on trial in this case." The court then referred to the testimony of the purchasers that they had paid cash in addition to the ceiling prices shown on the invoices, to the testimony of each defendant that neither he nor the corporation had received any cash over the ceiling prices, to the accountant's testimony that the corporate books showed nothing beyond the ceiling prices, and concluded his charge with the statement: "It is for you to determine which group of witnesses you believe and under the rules of evidence which I have outlined determine the guilt or innocence of these defendants." Thus the only disputed issue was whether or not the accused did take additional cash, as the prosecution witnesses affirmed and they denied. To have charged that if they did, they did it "knowingly," that is, "willfully," would have stated what every juror would have known without being told. The failure to add such statement, in the absence of any request by counsel, we cannot regard as a fatal defect.

■ The appellant's second point is that the pertinent provisions of the statute and of the regulations were not read or explained to the jury. There are cases holding that where this has not been done, a conviction must be reversed even though no exception was taken to the charge.[1] These cases we discussed in United States

v. Center Veal & Beef Co., 2 Cir., 162 F. 2d 766, 771, expressing our inability to understand why it was not sufficient for the judge to tell the jury what issues of fact determine guilt, without the necessity of telling them that the law makes criminal the commission of certain acts and they are to "apply the law to the facts." We still adhere to that view but again we may pass the point without decision. In the case at bar the judge did describe what the regulations required and the only question is whether his general description quoted in our discussion of the appellants' first point was sufficient. We think it was. The simple instruction that to obey the law the accused were required not to sell above the price ceilings established by the regulations certainly gave the jury a clearer conception of the crime than they could have obtained from reading, or hearing read, the complex regulations. Except for the omission of "willfully" the definition was complete, and for reasons already stated that omission was not important.

■ The court charged that the burden was on the Government to establish the guilt of the defendants beyond a reasonable doubt and adequately explained the phrase "reasonable doubt." Complaint is made that no charge was given as to the information being merely an accusation, the presumption of innocence, character evidence, or testimony by accomplices. In the absence of requests for such instructions their omission is not fatal. See United States v. Newman, 2 Cir., 143 F.2d 389.

■ Finally it is urged that to tell the jury to "determine which group of witnesses you believe" was reversible error because the jury may have understood that if they disbelieved a single witness they could disregard the testimony of all defense witnesses as a group. This suggestion is farfetched; particularly since the jury brought in a verdict of acquittal on count 20.

Judgment affirmed.

---

[1] United States v. Levy, 3 Cir., 153 F.2d 995; United States v. Noble, 3 Cir., 155 F.2d 315; United States v. Pincourt, 3 Cir., 159 F.2d 917; Morris v. United States, 9 Cir., 156 F.2d 525, 169 A.L.R. 305.