## NOEL *v.* STATE

[No. 123, October Term, 1952.]

*Decided April 17, 1953.*

■■■■■■■

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Charles J. Stinchcomb*, with whom were *Joseph Rosenthal* and *Josiah F. Henry, Jr.*, on the brief, for the appellant.

*Kenneth C. Proctor, Assistant Attorney General*, with whom were *Edward D. E. Rollins, Attorney General, Anselm Sodaro, State's Attorney for Baltimore City*, and *Julius A. Romano, Assistant State's Attorney*, on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was indicted for violation of the lottery laws, tried by the court and a jury, found guilty under counts charging possession of lottery paraphernalia, and sentenced to 10 months in the State Reformatory for Women and a fine of $1,000. The evidence disclosed that the police raided the premises at 2416 West Lexington Street, armed with a proper search warrant, on May 9, 1952, at about 6 P.M. It was a two-story dwelling, with apartments on each floor, but a common street entrance. On the second floor they found the appellant seated beside her bed. In a dresser drawer they found 12 one-hundred dollar bills, a gas and electric bill made out to the appellant, and a paper containing lottery notations. Two lottery slips were found under the mattress of her bed; 18 adding machine tapes were found in the cupboard, other tapes in the bathroom. The slips and tapes indicate a large amount of play, in excess of $76,000. A complete search of the apartment revealed "nothing that would be used by men"; only "women's wearing apparel and other things that women would use". It was stipulated that the telephone and gas and electric service were listed in appellant's name.

The appellant took the stand and denied any knowledge of the lottery paraphernalia. She admitted the apartment was leased in her name, but testified she rented it for herself and her brother who was 21 years old and

in the army but stayed there when he was home. He had been there about a week before the raid; he left the money with her as they had planned to buy a house. She was regularly employed at Havre de Grace by an undertaking and trucking firm, and was not at home during the day. In addition to her brother, several other relatives and friends had keys to the apartment.

The appellant does not challenge the legal sufficiency of the evidence, but contends that the court erred in excluding evidence tending to show that a particularly described man had been seen by the police on previous occasions, entering the house under suspicious circumstances during her absence. The defense called Officer Fink, who had obtained the search warrant, and sought to interrogate him about its contents. After objections had been sustained to this line of inquiry, a proffer was made to prove by Officer Fink that on the afternoon of May 2, he saw a described colored man about 30 years old, in an army fatigue jacket, collecting packages from various men, saw him enter 2416 West Lexington Street, and saw him standing at the window in the rear of the first floor.

The affidavit upon which a search warrant is based is not evidence at the trial. *Goss v. State*, 198 Md. 350, 353-354, 84 A. 2d 57, 58. But evidence of criminal offenses need not be restricted to the exact date mentioned in the indictment or warrant. *Wilson v. State*, 200 Md. 187, 193, 88 A. 2d 564, 566. Testimony, if relevant to the issues, may be introduced even if it parallels matters alleged in the warrant. *Berry v. State*, 202 Md. 62, 95 A. 2d 319. In the instant case we think the defense should have been permitted to interrogate the officer as to what he observed in connection with the premises on March 16 (when according to his affidavit he observed the described man at the second story window of the premises, after he had collected packages and currency from other men), and on May 5 (when he entered the premises under similar circumstances). The State argues that the proffer to

show what was observed on May 2 did not place the described man in the second floor apartment, and hence failed to connect him with the appellant or the offense charged. But the court not only excluded the proffer, but sustained objections to specific questions as to other occasions, and the whole line of inquiry. It was possible to gain access to the apartment after entry into the building, and on one occasion the man was observed on the second floor. *Cf. Fleming v. State,* 201 Md. 145, 150, 92 A. 2d 747, 749, and *Berry v. State, supra.*

The hours when these observations were made were in the early afternoon, when the appellant was presumably at work, and the officer never saw her until the day of the raid. Since the defense was that other persons were using the apartment in connection with a lottery operation in her absence and without her knowledge, the excluded testimony was relevant to the issue. Of course, the jury would not have been obliged to believe that the defendant was unaware of the use and not a party to it. *Brown v. State,* 200 Md. 211, 88 A. 2d 469. But the testimony tended to corroborate her story, its weight being for the jury. We cannot say that its exclusion was not prejudicial.

The appellant also complains of that portion of the court's charge to the jury which stated that they "might consider whether or not she had exclusive possession of the apartment". We find no error here. The jury were told that they should find her not guilty if they did not believe she was in possession of the paraphernalia found in the apartment, and that they should consider all the testimony bearing on that issue. They were told that it was their function to decide the facts, and that any reference to the facts by the court was simply to point up the issues. We think the charge as a whole fairly stated the issue. The reference to "exclusive possession" invited their consideration of the testimony as to the possibility that the lottery material might have been brought to the apartment by other persons without her knowledge.

The appellant also complains that the court failed to instruct the jury as to the consideration and weight to be given to the testimony of seven character witnesses. The propriety of such an instruction is generally recognized. *Edgington v. United States,* 164 U. S. 361, 17 S. Ct. 72, 41 L. Ed. 467. But it has been held under the federal practice, Rule 30 of the Criminal Rules, that failure to instruct on the point is not reversible error in the absence of a request for such an instruction. *United States v. Antonelli Fireworks Co.,* 2 Cir., 155 F. 2d 631; *United States v. Capitol Meats,* 2 Cir., 166 F. 2d 537; *United States v. Corry,* 2 Cir., 183 F. 2d 155. On the other hand, it has been held that where there was a request for instruction that was technically erroneous, the court should have included a correct instruction in his charge. *Colbert v. United States,* 79 U. S. App. D. C. 261, 146 F. 2d 10.

In the instant case there were apparently no requests for instructions made by either side, but the court invited objections after the charge was delivered. Rule 6(f), of our Criminal Rules of Practice and Procedure. Upon objection that the charge did not include "the importance and weight of character testimony", the trial judge said: "The Court would have instructed regarding character witnesses if I had been requested to do it, but at this time I feel it would lay undue weight to that testimony." We think the request was not too late. As we said, in connection with the similar provision in Rule 6(c), III Trials, of the civil Rules of Practice and Procedure, "The rule necessarily contemplates that the trial judge, in an appropriate case, should have the power and the opportunity to amplify his charge, * * *." *Fisher v. Baltimore Transit Co.,* 184 Md. 399, 402, 41 A. 2d 297. See also *Sun Cab Co. v. Powell,* 196 Md. 572, 583, 77 A. 2d 783, 787. We think it would not have unduly stressed the testimony in question to have covered a point not covered in the previous instructions.

*Judgment reversed, and new trial awarded.*