## JOSEPH PAUL GOOCH *v.* STATE OF MARYLAND

[No. 281, September Term, 1976.]

*Decided December 30, 1976.*

332

The cause was argued before LOWE, DAVIDSON and LISS, JJ.

*Orie Seltzer*, with whom was *Blair H. Smith* on the brief, for appellant.

*Bruce C. Spizler, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County*, and *Stephen Kupferberg, Assistant State's Attorney for Prince George's County*, on the brief, for appellee.

LISS, J., delivered the opinion of the Court.

Appellant, Joseph Paul Gooch, was tried and convicted before a jury in the Circuit Court for Prince George's County of rape, perverted practice, and the use of a handgun in the commission of a crime of violence. Judge Robert B. Mathias, the presiding judge, imposed sentence as to each conviction, and it is from these judgments that this appeal was seasonably filed.

This sordid incident began, as so many others before it, in a combination bar-nightclub (in this case, Jimmy Combers in Takoma Park, Maryland). The prosecutrix, Cheryl Joanne Stewart, testified that she arrived unaccompanied at the premises at about 9:15 in the evening, seated herself at the bar, and for about forty-five minutes engaged in conversation with the bartender, whom she knew. About 10 p.m. the appellant introduced himself and joined her at the bar. They remained there for about two hours, during which time the accused bought her the traditional two beers. At about midnight, after she agreed to a date with the appellant

to drive her to her car which was some distance away, and she got into his station wagon; but instead of taking her to her car, appellant pulled into the parking lot at the rear of the bar, stopped the car and kissed her, after which she asked to be taken to her car. Prosecutrix stated that appellant then took a black case out of his glove compartment from which he pulled a silver gun; that she started to scream and tried to get out of the car but the accused grabbed her and began choking her; that holding the gun on her, he demanded that she remove all her clothing which she did while he was slowly driving from the lot with one hand on the wheel and the other on her. He forced her to perform fellatio upon him while he was driving to a secluded residential area, the location where he first "stuck his gun in my vagina" and then raped her. In her testimony, prosecutrix related a number of rapes and perverted practices which were perpetrated upon her during the next several hours.

The appellant testified as a witness in his own behalf and in essence substantiated the prosecutrix's version of the events of the evening up to the point of the sexual relations between them. He admitted the circumstances under which they met, their having left the premises together, and to having sexual relations with her several times that evening in his station wagon. He denied having performed cunnilingus on the prosecutrix but admitted that she engaged in fellatio upon him. He insisted, however, that the prosecutrix was a willing, if not eager, participant in these activities.

The appellant raises four grounds in this appeal, each of which he contends requires a reversal of the jury's verdict and the judgments entered by the court. He contends initially that the trial court erred when it refused to grant an advisory instruction to the jury that evidence of the good character and reputation of the accused may be sufficient to create or raise such a reasonable doubt as to justify his acquittal, regardless of any other evidence presented.

Appellant offered as part of his defense the testimony of three character witnesses: His wife in response to a question

concerning his reputation for peace and good order was permitted to testify, without objection, that he was an easy going guy. She was permitted to testify, again without objection, that he was a normal, healthy man, who never forced her to have relations with him. Another witness testified to his good reputation for being a peaceful and orderly citizen; and when asked about the accused's normalcy in sexual matters, he replied, "[I]f you want to know as far as him dating girls or going out with girls, he had a good reputation." A third witness, when asked about appellant's disposition to violence, said that the accused was "a pacifist, suave, a gentleman." As to his reputation for sexual normalcy, she said that he was normal: "He flirted. Just American boy type."

This evidence strikes us as being at best marginally relevant, but no objection was made to its admissibility, nor did the State on cross-examination seek to clarify the witnesses' assessment of the sexual normalcy of the accused. It is clear that the accused had the right to have the jury consider this evidence of good character in conjunction with all the other testimony in the case in reaching its conclusion as to guilt or innocence.

When the testimony on both sides had been concluded, the trial judge proceeded to give his advisory instructions to the jury, after which counsel were requested to approach the bench. The record is silent as to the reason for the court's action, but it is obvious that the court afforded counsel an opportunity to comply with Maryland Rule 756 f. which requires counsel to note any objection to the court's charge as given and to request any additional instructions. The following colloquy then took place at the bench:

"MR. MIZEL (the defense counsel): Your Honor, I would have evidence of good character itself can raise, can create a reasonable doubt. Evidence of a good character itself can be enough to raise reasonable doubt.

MR. KUPFERBERG (the prosecuting attorney): I would object to that.

THE COURT: Not at this stage of the proceedings. I *conceivably* would have given such an instruction if it would have been placed in context. But not after I have completed my instructions.

THE COURT: Do you have any exceptions?

MR. MIZEL: Only the refusal to give the instruction regarding the fact that character evidence alone can create a reasonable doubt.

THE COURT: Can do what?

MR. MIZEL: Can create a reasonable doubt.

THE COURT: That is an out-of-context instruction and I will not give it standing alone at this stage of the proceedings. You have you [sic] exception to that. Because the Court has already given the instructions regarding credibility of witnesses and evaluation of the weight of the evidence. And I don't know of any authority for character witnesses alone, standing alone, is sufficient grounds for reasonable doubt. You have your exception."

Maryland Rule 756 a. states in part that the court may and at the request of any party *shall* give such advisory instructions to the jury as may correctly state the applicable law.

This Court in *Mumford v. State,* 19 Md. App. 640, 641, 313 A. 2d 563, 565 (1974), said:

"In Maryland, it is settled that a trial judge must, when timely requested to do so, give advisory instructions which are supported by the evidence. *Byrd v. State,* 16 Md. App. 391, 400, n. 3, 297 A. 2d 312 (1972); *Gaskins v. State,* 7 Md. App. 99, 105, 253 A. 2d 759 (1969), *cert. denied,* 404 U. S. 1040. Failure to give a properly requested instruction constitutes error."

We had before us a similar case in *Braxton v. State,* 11 Md. App. 435, 274 A. 2d 647 (1971), *cert. denied* 262 745

(1971), where in reversing the trial court because of its refusal to grant an appropriate advisory instruction, we held that the accused, having introduced evidence of good character, was entitled to an instruction as to the weight and effect to be given to that evidence. We held that the jury should have been instructed that the character evidence should be taken into consideration by them in conjunction with all the other evidence in the case and, in arriving at their verdict of guilt or innocence, given such weight under all the facts and circumstances of the case — including the credibility, as determined by the jury, of the character witnesses themselves — as they may determine this evidence merits.

The trial court in the case before us gave as one of its reasons for refusing the requested character witness instruction the fact that it was not requested until after the court had completed its advisory instructions. This is not a justifiable reason. In a case exactly on point, *Noel v. State*, 202 Md. 247, 96 A. 2d 7 (1952), the trial court invited objections after its charge was delivered; and at that point — for the first time — a request was made for an instruction as to the weight and effect of character testimony. The trial judge declined, stating that the court would have instructed regarding character witnesses if it had been requested to do so, but that at that time, i.e., after advisory instructions had been given, it felt that it would lay undue stress on that testimony.

The Court of Appeals disagreed at p. 252, 96 A. 2d at p. 10:

> "We think the request was not too late. . . . 'The rule necessarily contemplates that the trial judge, in an appropriate case, should have the power and the opportunity to amplify his charge, * * *.' We think it would not have unduly stressed the testimony in question to have covered a point not covered in the previous instructions." (citations omitted).

We hasten to add that we do not accept or reject as a correct statement of the law the instruction so vigorously

argued by appellant in his brief.[1] Our very careful reading of the record indicates that the precise instruction argued in the brief was never offered before the trial court. Without ruling on its validity, we express our doubts as to whether the excision of one sentence from a previously approved complete charge and its inclusion as a part of a general proposed instruction in a textbook [2] is sufficient authority to require its acceptance as an appropriate advisory jury instruction.[3] It is the duty of the trial court to make the initial decision as to the form and content of the advisory instruction and where the request for instruction is technically erroneous, to include a correct instruction in the court's charge. *Noel v. State, supra*, at 252; *Colbert v. United States*, 146 F. 2d 10 (D.C. Cir. 1944).

The State urges that any error made by the court in refusing the instruction was cured by the advisory instructions the trial judge actually gave. We do not find this to be correct. While it is true that the court instructed the jury generally as to the weight and credibility to be given to the testimony of various witnesses, at no point did the court mention the effect and weight to be given to character testimony as such. Albeit it was rather inartfully done, we believe the appellant requested such an instruction and that the court should have granted it.

We believe that the refusal of the trial court to instruct the jury as to the effect of the character evidence was reversible error, and we shall, therefore, reverse the judgments entered in the counts charging rape and the use of a handgun in the commission of a crime. We believe the situation is different in the perverted practice charge and

---

**1.** Appellant urges that the trial court erred in refusing to give the instruction: "You are instructed that testimony showing the good character and reputation of the defendant may be sufficient to create such a reasonable doubt as to justify the acquittal of the defendant regardless of any other evidence which has been presented."

**2.** Appellant cites as authority for his proposed jury instruction — D. Aaronson, *Maryland Criminal Jury Instructions and Commentary*, §5.07 (1975).

**3.** State v. Grady, 276 Md. 178, 345, A. 2d 436 (1975); Blizzard v. State, 30 Md. App. 156, 351 A. 2d 443 (1976), *rev'd. on other grounds* 278 Md. 556, A. 2d (1976).

shall affirm the judgment entered in that count. The distinction to be made between the several counts may be found in the testimony of the accused: in the rape and handgun charges, he denied the commission of these crimes; in the perverted practice charge, he made what amounted to a judicial confession.

Section 554, of Article 27 of the Annotated Code of Maryland (1957, 1976 Repl. Vol.) makes it a violation of the criminal law of Maryland to place one's sexual organ in the mouth of any other person. It is immaterial whether the act is a voluntary or involuntary one. *See, Hughes v. State,* 14 Md. App. 497, 287 A. 2d 299 (1972). The accused in his own defense testified that the prosecutrix had taken his penis into her mouth. The statement of the accused voluntarily made in open court without any compulsion, threats, promises or other vitiating factor was a binding admission that he had violated the above criminal statute. *See, Brumit v. Florida,* 220 So. 2d 659 (Fla. App., 1969); *State v. Snell,* 177 Neb. 396, 128 N.W.2d 823 (1964); McCormick, *Evidence,* Sec. 160 (1972).

In view of the judicially admitted criminal act of perverted practice, the failure of the trial court to give the requested charge as to the character evidence is of no significance. We shall affirm the conviction on this charge.

As our reversal will require a retrial as to the counts charging rape and unlawful use of a handgun in the commission of a crime of violence, we shall consider briefly the other complaints made in this appeal:

Appellant contends that the trial court erred in not permitting cross-examination regarding the number of times the accused had an emission or ejaculation during the evening's protracted sexual acrobatics. We disagree. The scope of cross-examination is a matter within the sound discretion of the trial judge. *Wells v. State,* 236 Md. 381, 203 A. 2d 912 (1964); *Williams v. State,* 15 Md. App. 320, 290 A. 2d 542 (1972).

Appellant relies on *Davis v. Alaska,* 415 U. S. 308, 94 S. Ct. 1105, 395 L.Ed.2d 347 (1974), which we find factually inapposite. In addition, our reading of the record convinces

us that this unpleasant facet of the case was covered *ad nauseum* during the cross-examination of the prosecutrix.

Appellant also contends that the trial court erred in its advisory instructions to the jury regarding the possible verdicts which could be returned in this case. No objection or exception to this portion of the charge was made at the time; therefore, the issue is not properly before this Court. Maryland Rule 1085.

Finally, the appellant urges that the trial court improperly permitted a witness, in rebuttal, to testify over objection to the carrying of a gun by the accused six years prior to the incident before the jury. We agree that the incident was too remote in time to be of any real evidentiary value. If the same evidence is offered upon retrial, the trial court will, of course, at that time determine its relevance and admissibility.

> *Judgments reversed and case remanded for new trial as to 1st count — rape and 10th count — use of handgun in commission of crime of violence.*
>
> *Judgment affirmed as to 4th count — perverted practice.*
>
> *Costs to be paid by Prince George's County.*