## BROWN *v.* STATE
[No. 11, October Term, 1953.]

*Decided November 5, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Louis Samuels,* with whom was *Samuel A. Culotta* on the brief, for the appellant.

*W. Giles Parker, Assistant Attorney General,* with whom was *Edward D. E. Rollins, Attorney General,* and *Anselm Sodaro, State's Attorney for Baltimore City,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment and sentence upon a conviction for possession of lottery paraphernalia.

The errors alleged are in the remarks of the court in cautioning the jury prior to adjournment, and in the court's charge to the jury.

After testimony had been concluded, but before the arguments and charge, the court adjourned overnight, cautioning the jury against accepting telephone calls from strangers. The court said: "Sometimes in the past we have had difficulty about people calling up jurors and attempting to talk to them about the case and I don't want this case caught in that complication." This appears to be no more than the usual warning against discussing the case with outsiders. Cf. *Beard v. United States*, 82 F. 2d 837. Moreover, there was no objection to the Court's action. By failing to object, the attention of the court was not called to any possible implication derogatory to the accused or his counsel, which might well have been corrected. We need not consider the further point raised by the State that there was no motion to strike or for a mistrial, as held necessary in *Marino v. State*, 171 Md. 104, 109. See also *Kirschgessner v. State*, 174 Md. 195, 201; *Cohen v. State*, 179 Md. 696 (unreported); 16 A. 2d 878, and *Lubinski v. State*, 180 Md. 1, 9.

The testimony showed that the police, armed with a search warrant, were admitted to the appellant's apartment by his wife. They found a number of blank pads near the telephone, a slip of paper with lottery notations in the open pocket of an apron worn by Mrs. Brown, which she handed over (Exhibit 3), and another slip with lottery notations in a cupboard (Exhibit 4). According to Sergeant Klump, she told him she had found the slip (Exhibit 3) on the telephone table when she was cleaning up, and put it in her pocket. She said her husband had written it. The appellant was not present during the search but called on the telephone while the officers were there and agreed to come to the police station. At the station house he told Sergeant Klump that Exhibit 3 was in his handwriting and that he had left it in the apartment. He said his wife had

nothing to do with it. At the trial, he testified that neither of the slips was his, he never saw them until he came to the police station, and denied that he told Sergeant Klump that one of them was in his own handwriting. He testified that his wife was recovering from a serious injury and he had admitted his guilt in the presence of Sergeant Klump and the Magistrate "to keep my wife out of it."

The appellant urges three points in connection with the court's charge. He contends that the court's statement that "Brown said he made that statement and took that position in order to protect his wife" was inaccurate because Brown never admitted that he told Sergeant Klump that Exhibit 3 was his. The inaccuracy, if any, was purely verbal, for the effect of his admission of guilt, which he admitted making, was to admit the ownership and possession of Exhibit 3. The appellant also contends that the court gave an erroneous instruction in charging that it would be sufficient to convict if Exhibit 3 were his, or whether his or not, if it were found in his possession "and that means in his house or his apartment." Reading the charge as a whole, we think the language quoted cannot fairly be taken as an instruction that the mere fact of finding the slip in the wife's pocket and in the apartment would require conviction. There was no issue raised here, as in *Noel v. State*, 202 Md. 247, 96 A. 2d 7, that the slips belonged to and had been placed there by persons unknown to the accused. The purport of the charge was that the jury should acquit if they believed the appellant's version that his alleged admissions had been made solely to protect his wife, and he had no knowledge of the slips until he saw them at the police station. Moreover, no objections were made to the charge on either of these points, so that the court was not afforded the opportunity to clarify or correct any possible misleading implications. Rule 6 (f) and (g) of the Criminal Rules of Practice and Procedure places upon an appellant the duty of stating distinctly at the time the

specific grounds of objection, and we think there is no showing here of such a plain error as to justify a reversal. Cf. *Madison v. State*, 200 Md. 1, 9-10, 87 A. 2d 593, 596.

The only portion of the charge to which objection was taken was as follows: "You might give some consideration to the fact that if you believe such a statement was made, that he stated that that paper was his, the difference that that would make in the attitude of a police officer. In other words you might think to yourself, why didn't the police officers ask him more questions, but the police officer might readily conclude if he stated that those things were his it was not necessary to ask him more questions." Counsel for the accused objected specifically to the language quoted on the ground that "this is an argument which is not warranted in the charge."

No authority is cited for the proposition that a charge, commenting on evidence, may not be argumentative. The relevance of the question posed and the answer suggested may be open to question, for the brevity of of the questioning could hardly affect the basic issue of credibility on which the case turned. In any event, we think the comment was not so unfair or prejudicial as to require a reversal.

*Judgment affirmed, with costs.*