All these facts were spread upon the record, and the Defendant's counsel insisted that the first finding of the Jury was to be taken as their verdict, and, by that, the Defendant was acquitted. The Court was of a different opinion, and directed the Defendant to be whipped, as the act of Assembly directs. The Defendant appealed to this Court, and the judgment of the Court below was reversed, and the Defendant discharged.
When a Jury returns with an informal or insensible verdict, or one that is not responsible to the issues submitted, they may be directed by the Court to reconsider it: but not where the verdict is not of such description. The verdict offered in this case was a plain and explicit response upon the issue submitted, and the addition, of the Defendant's having been guilty of a trespass, did not vitiate it. It was a matter of subsequent consideration with the Court what should be the judgment. The verdict first offered will be recorded nunc pro tunc, and judgment entered for the Defendant. For although any larceny imports a taking without the consent of the owner, and of course a trespass, yet that taking does not necessarily import a taking with violence, so as to render it indictable. The offense found is not within the charge; the record must therefore be amended, and judgment of acquittal be entered.