## SAMUEL H. GOVER *vs.* ROBERT TURNER.

*General and Special Verdicts—Arrest of Judgment.*

In an action to recover damages for deceit in the sale of a piano, the jury rendered a verdict for the plaintiff for $189.56, adding the words: "believing the plaintiff to have been misled by the catalogue." The Court directed the clerk to record the verdict in dollars and cents, without the superadded words, which was done. HELD:

That this was a general and not a special verdict; and the words added to the finding for the plaintiff and assessing his damages, were surplusage, and the Court had the right to strike them out.

Juries have the legal right to find a special verdict, and submit any question of law to the Court; and if they think proper to do so, the Court cannot properly refuse to receive it.

A special verdict is where the jury find all the facts in the case, referring the law arising on such facts, to the decision of the Court, concluding conditionally that if upon all the facts found, the Court shall be of opinion that the plaintiff had cause of action, they find for him; if otherwise, they find for the defendant. They do not find the whole issue direct, as in a general verdict, but leave it to depend upon the law as the Court shall determine.

A judgment cannot be arrested for extrinsic or foreign matter, not appearing upon the face of the record.

APPEAL from the Court of Common Pleas.

An action was instituted by the appellee in the Court of Common Pleas, to recover from the appellant damages for deceit in the sale of a piano. The appellant pleaded that he did not deceive the plaintiff. The cause was tried, and an instruction was granted by the Court, which required the jury to find the sale of the piano by the defendant to the plaintiff, and that the defendant received the purchase money, and that he had falsely represented the piano to be of Knabe's manufacture, and that the plaintiff was misled by such false representations, otherwise he could not recover. The jury found

a verdict for the plaintiff for $189.56, adding the words: "believing the plaintiff to have been misled by the catalogue." The Court directed the clerk not to record the latter part of the finding, but simply to enter the verdict in dollars and cents. A motion was made for a new trial, which was overruled. A motion in arrest of judgment was subsequently made, and an affidavit was filed in support thereof—an affidavit was also filed by the plaintiff—this motion was also overruled. From the action of the Court, the present appeal was taken.

The cause was argued before BARTOL, C. J., NELSON, STEWART, ALVEY and ROBINSON, J.

In a brief prepared by Judge MILLER, when at the bar, it was argued in behalf of the appellant that the verdict was a special one, and being so, the Court was not at liberty to reject any part of it, but was bound to receive *the whole verdict, and thus* to determine whether the judgment should be entered for the plaintiff or defendant; because it might very well happen that the plaintiff's agent was misled by a catalogue, and yet the defendant was not guilty of any fraud or fraudulent representations, by which the plaintiff was misled; or if the Court did not choose to receive the verdict in that form, they ought so to have instructed the jury, and sent them back to their room, or if they received it, to receive the whole and afterwards determine which way the judgment should be entered. *Trials per Pais,* 280, 287; 2 *Tidd's Practice,* 922; *Jones vs. Julian,* 12 *Ind.,* 274; *Moody vs. McDonald,* 4 *Cal.,* 297; *Allison vs. Darton,* 24 *Miss.,* (3 *Jones',*) 343; *Kirkpatrick, et al. vs. S. W. Rail Road Bank,* 6 *Humphreys,* 45; *Brown & Sons vs. Ferguson,* 4 *Leigh,* 37; *Rhodes vs. Bunts,* 21 *Wend.,* 19.

The finding, if a proper one, only meant to say that the verdict was for the plaintiff to the amount named, if the Court should think that the defendant was liable, provided

Gover *vs*. Turner.

the plaintiff's agent was misled by a catalogue. If these views be not sound, it is respectfully insisted that the verdict was an imperfect one, upon which no judgment could be entered, because the jury had not found upon the issues presented to them under the instruction of the Court below. See *Trials per Pais*, 233, 273, and the authorities already cited.

*Benj. C. Barroll* and *Henry Stockbridge*, for the appellee:

The sufficiency of the reasons alleged for the arrest of the judgment, is the sole question presented for adjudication in this Court. Whether any *ex parte* affidavits filed long after a trial, would justify the appellate Court in any case in reversing the decision of the Court of original jurisdiction, refusing to arrest the judgment because of any matter contained in such affidavits, may seriously be questioned. It is well settled that a refusal to grant a *new trial* on any such grounds cannot be made the foundation of an appeal. *Anderson vs. The State*, 5 *H. & J.*, 174; *Wall's Ex'rs vs. Wall*, 2 *H. & J.*, 79; *Compton vs. Compton*, 2 *Gill*, 242; *Randall vs. Glenn*, 2 *Gill*, 430.

And the reasons upon which these decisions rest, apply with equal force to motions in arrest of judgment. But if there could be cases in which such affidavits would justify an arrest of judgment, the present case is not one of them. The motion in this case rests, not at all on objections which arise on the face of the record, but wholly on matters which are alleged to have taken place at the trial, and these are not sufficient ground for arresting the judgment. *The State vs. Allen*, 1 *R. M. Charlt.*, 518; *Walker vs. Sargeant*, 11 *Verm.*, 327; *Evans vs. Lohr*, 2 *Scam.*, 511; *The State vs. Phelps*, 9 *Md. Rep.*, 21; *Wedge vs. The State*, 12 *Md. Rep.*, 232.

There is no disagreement between the allegations of the affidavit of the appellant's counsel and those of the affidavit of the counsel of the appellee. The only difference between the two affidavits is, that the attorney of the appellee stated

Gover *vs.* Turner.

the occurrences more fully than the attorney of the appellant, and his affidavit contains some things which the other omits. From these affidavits it appears that the jury was sworn correctly to try the issue joined in the cause, and did try that issue and nothing else. The words "believing the plaintiff to have been misled by the catalogue," which were added to the damages assessed, were mere surplusage. The belief of the jury upon any matter of fact, save upon the single issue which they had been empannelled to try, was of no sort of consequence, and the Court could not regard it, and so informed them. The verdict upon the question which had been submitted to them, divested of extraneous belief, was recorded, and they were called upon in the usual form to hearken to their verdict as the Court had recorded it: "Your foreman saith that you find for the plaintiff upon the issue joined, and assess the damages at the sum of $189.56, and so you say all?" All agreed that such was their verdict. That record, and that assenting to it, with a full understanding of what it was, made it their verdict irrespective of any belief they may have held, whether orthodox or heretical. It is competent for a Court at any time before the finding of a jury is recorded to divest it of any extraneous matter, and the verdict is good, if the Court can understand it, so as under it to pass judgment in the cause. *Jones vs. Julian*, 12 *Ind.*, 274; *Collins vs. Make-peace*, 13 *Ind.*, 448; *Atlantic Ins. Co. vs. Wright*, 22 *Ill.*, 462; *Edelen vs. Thompson*, 2 *H. & G.*, 31; *Mitchell vs. Smith*, 4 *Md. Rep.* 403.

NELSON, J., delivered the opinion of this Court.

In this case, the question submitted to the jury by the pleadings was, whether or not the plaintiff was deceived by the defendant in the sale of a piano. The jury found their verdict in the following words: "We find for the plaintiff $189.56," adding the words, "believing the plaintiff to have been misled by the catalogue." Upon this finding the Court, in the presence of the jury, instructed the clerk to disregard

the latter words and record the verdict in dollars and cents, which was done. The jury were then called upon to harken to their verdict as the Court had recorded it, and they assented to the verdict as it was recorded. If the jury had intended to find a special verdict and thus to submit any question of law to the Court, they had ample opportunity to say so, and to object to its alteration by the Court, for the jury may alter or change their verdict at any time before it is recorded; they made no objection, but assented to the verdict as it was recorded.

It is insisted by the appellant's counsel that the verdict as found by the jury was a special verdict, and that the Court erred in rejecting any part of it; that the Court was bound to receive the whole. If the verdict in this case could be considered a special one, the appellant would be right; the jury have the legal right to find a special verdict and submit any question of law to the Court; and if they think proper to do so, the Court cannot properly refuse to receive it. But was this what the law means by a special verdict? We think it was not. A special verdict is where the jury find all the facts in the case, referring the law arising on such facts to the decision of the Court, and concluding conditionally, that if upon the whole facts found the Court shall be of opinion that the plaintiff had cause of action, they then find for the plaintiff; if otherwise, then they find for the defendant. They do not find the whole issue direct as in a general verdict, but leave it to depend upon the law as the Court shall determine it. "A special verdict," says the author of "Trials per Pais," "is where the jury find the matter at large, according to the evidence given, that such a thing is done by the defendant; and declaring the course of the fact, as in their opinion it is proved, pray the judgment of the Court as to what the law is in such a case."—*Trials per Pais*, 279. Such was the verdict in *Mahoney vs. Ashton*, 4 *Harris & McHenry*, 210. But where the jury find the whole issue submitted to them, referring nothing to the Court, it cannot be regarded a special verdict. Suppose

on an indictment for murder, (special verdicts may be found in criminal as well as in civil cases,) the jury should doubt whether the evidence was sufficient in law to sustain such a degree of malice as would justify them in finding the prisoner guilty in the first degree; in such a case they may find all the facts deposed to and refer the question of law to the Court; the verdict would then be in abeyance until the Court should determine that question; this would be strictly a special verdict. But if that jury had found the prisoner guilty of murder in the first degree, and had added the words "believing he evinced malice aforethought by threats made previous to the killing," this would be a verdict finding the whole issue, and more than the issue, by superadding the reasons therefor, and nothing would be referred to the Court. So in this case, the jury have found the whole issue and more than the issue, in so far as they have given their reason for so finding; they found for the plaintiff and assessed his damages, that was finding the whole issue before them; there was no reason why they should state how they believed the plaintiff had been deceived by the defendant, and their having done so is wholly immaterial. "If the jury give a verdict of the whole issue and of more, that which is more is surplusage and shall not stay judgment: for *utile per inutile non vitiatur.*"—*Trials per Pais,* 287. It is true, the verdict is not in the usual form, the jury having assigned the reason upon which they based it; but as we have said, we do not regard this departure from the usual form as material; "where the intention of the jury is manifest and beyond doubt, the Court will set right matter of form." *Browne vs. Browne, et al.,* 22 *Md. Rep.,* 115. We think it manifest and beyond doubt that the jury in this case intended to find that the defendant had practised a deceit upon the plaintiff in the sale of the piano,—this is clear, not only from the finding for the plaintiff and assessing his damages, but from the fact that after the jury had heard the Court order the clerk to strike from the verdict the added words, and record the verdict without them in dollars and cents, they

agreed to the verdict in that form. We think the verdict in this case was a general and not a special one; that the words added to the finding for the plaintiff and assessing his damages were surplusage, and that the Court had the right to strike them out. Suppose, however, this was a special verdict and the Court erred in refusing to receive it entire, this Court could not reverse the judgment on that ground, there is no such question before us on this appeal. We have discussed the question because it is relied on by the appellant in his brief. The only question before us is, upon the motion in arrest of judgment; unless the Court below erred in refusing that motion the judgment must be affirmed.

The only ground on which Courts can arrest a judgment, is some matter intrinsic appearing upon the face of the record, which would render it erroneous and reversable; it is too well settled to need argument or authority to show, that a judgment cannot be arrested for extrinsic or foreign matter not appearing upon the face of the record. The Courts are to judge upon the record itself. " That which appears ill upon the same record, may be alleged in arrest of judgment; but not a matter of fact which doth not appear upon the record." *Trials per Pais,* 328. The Maryland books are full to the same point, see *The State vs. Phelps,* 9 *Md. Rep.,* 21. Upon a careful inspection of the record before us we find nothing upon its face to warrant an arrest of the judgment in this case. The only foundation for the motion is an affidavit of the counsel of the appellant setting forth matter of fact extrinsic and foreign to the record, stating matters which transpired in the Court below of which we can take no notice. We think the Court below was right in refusing the motion and affirm its judgment.

*Judgment affirmed.*

(Decided 6th May, 1868.)