## STATE *v.* CEPHUS HUDSON.

Where the jury return a verdict of "guilty of shooting," upon an indictment for an assault and battery, drawn in the usual form, judgment will be arrested.

Whether, if the bill had charged that the assault·was made, by shooting at the prosecutor, the verdict could be sustained, *Quere?*

*(State* v. *Arrington,* 3 Murphy 571, cited and approved.)

INDICTMENT for *Assault* and *Battery*, tried before his Honor *Watts, J.* at Fall Term, 1875, of the Superior Court of ·GRANVILLE county.

The indictment was drawn for an assault and battery in the usual form.

The jury returned a verdict of "guilty of shooting" and thereupon the counsel for the prisoner moved the court in arrest of judgment.

The motion was overruled and the defendant appealed.

No counsel in this court for the defendant.

*Attorney General Hargrove,* for the State.

BYNUM, J. The defendant was indicted for an assault and battery, in a bill drawn in the ordinary form. The jury for their verdict returned " that the said Cephus Hudson is guilty of shooting." Shooting at what? In what direction? If at any human object, was that object within the carrying distance of the gun, so as to constitute an assault? If the indictment had charged that the assault was made by shooting at the prosecutor, possibly the verdict could be sustained by the reasonable certainty of its meaning, to be obtained by construing the bill and verdict together. But the instrument contains no such charge, and the verdict standing by itself is therefore senseless, certainly it is not responsive to the indictment. The courts should never allow such absurd and irre-

sponsive verdicts to be recorded. They should have the jury to correct them, so as to be in conformity to law and to present an intelligent record. *State* v. *Arrington*, 3 Murph. 511.

There is error.

PER CURIAM.                                              Judgment arrested.