### STATE v. RANDALL PERRY.

(Filed 2 May, 1945.)

**1. Criminal Law §§ 54b, 54c: Trial § 37—**

While a verdict is a substantial right, it is not complete until accepted by the court for record.

**2. Same—**

When, and only when, an incomplete, imperfect, insensible, or repugnant verdict or one which is not responsive to the issues or indictment is returned, the court may decline to accept it and direct the jury to retire, reconsider the matter, and bring in a proper verdict.

**3. Criminal Law § 54b—**

A verdict is not bad for informality or clerical errors in language, if it is such that it can be clearly seen what is intended, and it must not be voided except from necessity.

**4. Same—**

While a verdict must have a definite meaning free from ambiguity and responsive to the issue or issues submitted by the court, additional nonessential words, which are not a part of the legal verdict and do not leave the character of the verdict in doubt, may be treated as mere surplusage.

**5. Same—**

Upon the trial of defendant on an indictment, charging a secret and felonious assault with a deadly weapon and with intent to kill, inflicting serious injury, where the jury found and returned that defendant committed an assault with a deadly weapon and in secrecy, G. S., 14-3, but without intent to kill, G. S., 14-33, there is a valid verdict, in effect acquitting the defendant of the felony charged, and the court's refusal to accept the same for record was error.

**6. Criminal Law § 54c—**

Whenever a prisoner, either in terms or effect, is acquitted by the jury, the verdict as returned should be recorded.

APPEAL by defendant from *Burgwyn, Special Judge,* at October Term, 1944, of FRANKLIN. Error and remanded.

Criminal prosecution on bill of indictment charging that defendant did "unlawfully, wilfully, maliciously and in a secret manner, and feloniously assault T. E. Privett with a certain deadly weapon, to wit: shot gun, with the felonious intent to kill and murder the said T. E. Privett inflicting serious injuries, not resulting in death;" and specifying the injuries inflicted.

On the night of 24 June, 1944, defendant and Privette were in J. A. Ray's store. Defendant had been in the service of his country as a soldier for three and one-half years but had been discharged and was in civilian clothing. Privette chided him about being out of the Army and said to him, "You didn't do so damn sorry that they kicked you out, did you?" and calling him, as defendant testified, "a 4-F s. o. b." Defendant became angered, got his gun and, as Privette started out the door, shot him in the hand.

The jury, after deliberating, came into court and returned for its verdict "Guilty of a secret assault with a deadly weapon, without intent to kill." The record discloses that thereupon the following occurred:

"JUDGE: The statute does not provide for any such verdict or any such finding by the jury—I instructed you . . .

"JUROR (W. R. Vick): interrupts Court and says: 'Well, guilty of assault with a deadly weapon.' No other juror speaks, but several either nod or shake their heads.

"The Judge then sends the jury back and instructs them to 'get together on your verdict.' "

Defendant excepted to each statement of the court and also to its refusal to accept the verdict tendered.

After again deliberating, the jury returned for its verdict "Guilty of an assault with a deadly weapon with intent to kill in a secret manner as charged in the bill of indictment."

Sentence: not less than five years and not more than ten years in the State's Prison.

Defendant excepted and appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*Yarborough & Yarborough, Thorp & Thorp, and E. H. Malone for defendant, appellant.*

BARNHILL, J.   Was it the duty of the court below to accept and record the verdict first tendered by the jury? We are constrained to answer in the affirmative.

While a verdict is a substantial right, *Bundy v. Sutton,* 207 N. C., 422, 177 S. E., 420, it is not complete until it is accepted by the court for record. *S. v. Godwin,* 138 N. C., 582; *S. v. Bagley,* 158 N. C., 608, 73 S. E., 995; *S. v. Snipes,* 185 N. C., 743, 117 S. E., 500; *Allen v. Yarborough,* 201 N. C., 568, 160 S. E., 833.

This does not imply, however, that in accepting or rejecting a verdict the presiding judge may exercise unrestrained discretion. While he should scrutinize a verdict with respect to its form and substance and to prevent a doubtful or insufficient finding from becoming the record of the court, his power to accept or reject the jury's finding is restricted to the exercise of a limited legal discretion. *S. v. Bazemore,* 193 N. C., 336, 137 S. E., 172.

When, and only when, an incomplete, imperfect, insensible, or repugnant verdict or a verdict which is not responsive to the issues or indictment is returned, the court may decline to accept it and direct the jury to retire, reconsider the matter, and bring in a proper verdict. *S. v. Arrington,* 7 N. C., 571; *S. v. McKay,* 150 N. C., 813, 63 S. E., 1059; *S. v. Bazemore, supra; S. v. Noland,* 204 N. C., 329, 168 S. E., 412; *Queen v. DeHart,* 209 N. C., 414, 184 S. E., 7.

A verdict is not bad for informality or clerical errors in the language of it if it is such that it can be clearly seen what is intended. It is to have a reasonable intendment and is to receive a reasonable construction and must not be voided except from necessity. *S. v. Whisenant,* 149 N. C., 515; *S. v. Craig,* 176 N. C., 740, 97 S. E., 400.

Although defective in form, if it substantially finds the question in such a way as will enable the court intelligently to pronounce judgment thereon according to the manifest intention of the jury, it is sufficiently certain to be received and recorded. 27 R. C. L., 858; *Wood v. Jones,* 198 N. C., 356, 151 S. E., 732; *In re Will of Henderson,* 201 N. C., 759, 161 S. E., 387; *S. v. Snipes, supra,* and cases cited.

While a verdict must have a definite meaning free from ambiguity and be responsive to the issue or issues submitted by the court, additional nonessential words which are not a part of the legal verdict and do not leave in doubt the character of the verdict may be treated as mere surplusage. *S. v. Snipes, supra; S. v. McKay, supra; S. v. Lemons,* 182 N. C., 828, 109 S. E., 27; *S. v. Stewart,* 189 N. C., 340, 127 S. E., 260; *S. v. Matthews,* 191 N. C., 378, 131 S. E., 743.

Thus a verdict of "guilty of receiving more liquor than allowed by law, and not guilty of retailing or transporting liquor," *S. v. Brame,* 185 N. C., 631, 116 S. E., 164, and "guilty of assault with intent to kill," *S. v. Gregory,* 223 N. C., 415, 27 S. E. (2d), 140, were sustained; while "guilty of carrying a pistol in his suitcase," *S. v. Parker,* 152 N. C., 790, 67 S. E., 35, "guilty of receiving stolen cotton," *S. v. Whitaker,* 89 N. C., 472, and "guilty of shooting," *S. v. Hudson,* 74 N. C., 246, were rejected for insufficiency and ambiguity.

Here the verdict tendered, when given a reasonable construction, is not incomplete, insensible, or repugnant. Instead it has a definite meaning free from ambiguity. The jury found that the defendant committed an assault with a deadly weapon and that the assault was "done in secrecy," G. S., 14-3, but "without the intent to kill," G. S., 14-33. Each term has its significance in the criminal law. *S. v. Smith,* 174 N. C., 804, 93 S. E., 964; *S. v. Gregory, supra; S. v. Bentley,* 223 N. C., 563 (see also concurring opinion at p. 569), 27 S. E. (2d), 738.

Conceding that neither term is a necessary part of a verdict finding the defendant guilty of an assault with a deadly weapon, they do not render doubtful the essential nature of the finding. The court was left free to pronounce judgment thereon according to the manifest intention of the jury.

There is a further reason why the action of the court below must be held for error. An intent to kill is an essential element of the crime charged. Thus the finding that the assault was "without the intent to kill" was in effect a verdict of not guilty of the felony.

Whenever a prisoner, either in terms or effect, is acquitted by the jury, the verdict as returned should be recorded. *S. v. Hargett,* 196 N. C., 692, 146 S. E., 801; *S. v. Arrington, supra; S. v. Whisenant, supra; S. v. Craig, supra; S. v. Bentley, supra.*

It may be noted that while G. S., 14-31, and G. S., 14-32, create two separate and distinct felonies, the bill of indictment alleges in one count all elements necessary to constitute both offenses. It is somewhat uncertain as to which charge defendant was required to answer. Perhaps for this reason the jury thought it advisable to spell out the verdict. In any event a verdict of "guilty as charged" might have caused more uncertainty than does the rejected one.

The judgment entered is vacated and the cause is remanded to the end that the court below may (1) strike the verdict entered, (2) record the one first tendered by the jury, and (3) pronounce judgment on the verdict thus recorded.

Error and remanded.