### STATE v. CHARLES SUMNER, JR.

(Filed 1 March, 1967.)

**1. Criminal Law § 118—**

While a verdict is not complete until accepted by the court, if the jury returns a verdict that is permissible under the charge and complete in itself, even though it contains surplusage, the court must accept it.

**2. Same; Assault and Battery § 17—**

In a prosecution for assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death, a verdict of guilty of "assault with intent to harm but not to kill" is a complete and sensible verdict, and supports judgment for a simple assault, the words "without intent to kill but with intent to harm" being treated as surplusage.

**3. Same; Criminal Law § 116—**

Where the jury in a prosecution for assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death, returns a verdict of guilty of "assault with intent to harm but not to kill", it is error for the court to again charge on the permissible verdicts and require the jury to redeliberate, and judgment entered upon the jury's later verdict of assault with a deadly weapon must be vacated and the cause remanded for judgment on the verdict first tendered by the jury.

APPEAL by defendant from *Gwyn, J.,* June 13, 1966 Criminal Session, ROCKINGHAM Superior Court.

In this criminal prosecution the defendant was charged with a felonious assault on Howard Wayne Eagle with a deadly weapon, to-wit: a knife, with the felonious intent to kill and murder the said Howard Wayne Eagle inflicting serious injury, not resulting in death.

Charles Sumner, Jr., and Howard Wayne Eagle were inmates of "The Prison Camp of Rockingham County." The State's evidence tended to show the defendant stabbed Eagle in the back with a knife, inflicting an injury about one inch long and sufficiently deep, "when his heart beat the blood would 'oogle' out." The fight developed over a contention that Eagle had "turned State's evidence." The defendant testified, ". . . I noticed that he had a knife in his left hand. . . . I grabbed Howard Wayne Eagle's arm and twisted it behind his back and shoved him away from me. I did not see the knife any more."

The court charged the jury that it might return one of these possible verdicts: (1) guilty of an assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death; (2) guilty of an assault with a deadly weapon; (3) guilty of a simple assault; (4) not guilty. The jury returned this verdict: "Guilty of an assault with intent to harm but not to kill." The court repeated the instructions as to four possible verdicts and ordered the jury to retire. The jury returned this verdict: "Guilty of assault without intent to kill but with intent to harm."

"Court: You make no mention of a weapon."

"Foreman: Yes, sir."

"Court: I am going to ask the possible verdicts in this case be typed up in issue form and submitted to the jury."

The jury was recalled.

"Court: Members of the jury I have had the possible verdicts in this case typed up and prepared in issue form and I am going to ask you to take this into the jury room with you and please check the one which correctly reffects your verdict."

After further deliberation the jury returned this verdict: "We find the defendant guilty of assault with a deadly weapon without intent to kill but with intent to injure." The court ordered the verdict recorded as last returned and imposed a prison sentence of two years to begin at the expiration of other sentences the prisoner was serving. The defendant excepted and appealed.

*T. W. Bruton, Attorney General, Millard R. Rich, Jr., Assistant Attorney General for the State.*

*Benjamin R. Wrenn, Court-appointed Attorney for Charles Sumner, Jr., appellant.*

HIGGINS, J.  The defendant contends the court committed error in refusing to accept the jury's verdict as first returned: "Guilty of assault with intent to harm but not to kill." He contends the verdict as first returned, when properly interpreted is a conviction of a simple assault, nothing more, and that "without intent to kill but with intent to harm" could add nothing to the charge and hence could add nothing to the verdict. The expression should be treated as surplusage.

When the surplus words which add nothing to the meaning are removed, the verdict is clear, free from ambiguity and uncertainty, and meets the test of a proper verdict. It should have been accepted by the court. *State v. Rhinehart,* 267 N.C. 470, 148 S.E. 2d 651. Twice the jury specifically excluded the intent to kill, and on neither occasion did it include the use of a weapon. The third attempt included the deadly weapon only after the court called the oversight to their attention.

The question then became one whether the court had the power to reject the verdict and to re-submit the case to the jury. "When and only when, an incomplete, imperfect, insensible, or repugnant verdict, or a verdict which is not responsive to the issues or indictment is returned, the court may decline to accept it and direct the jury to retire, reconsider the matter, and bring in a proper verdict." *State v. Perry,* 225 N.C. 174, 33 S.E. 869; citing *State v. Noland,* 204 N.C. 329, 168 S.E. 412; *State v. Bazemore,* 193 N.C. 336, 137 S.E. 172; *State v. McKay,* 150 N.C. 813, 63 S.E. 1059; *State v. Arrington,* 7 N.C. 571. To the foregoing may be added, *State v. Lewis,* 256 N.C. 430, 124 S.E. 2d 115, and *State v. Wilson,* 218 N.C. 556, 11 S.E. 2d 567.

When the second attempt at a verdict was announced, Judge Gwyn remarked, "You make no mention of a weapon." The foreman: "Yes, sir." Thereafter, Judge Gwyn refused to accept the second attempt and went to great pains to assure the jury that his having mentioned a weapon should have no bearing whatever on reaching a verdict which he directed them to return after further deliberation. However, when a proper verdict is once returned into court it is beyond the power of the judge to recommit the issue to the jury. While the general rule is that a verdict is not complete until it is accepted by the court, *Bundy v. Sutton,* 207 N.C. 422, 177 S.E. 420; *State v. Snipes,* 185 N.C. 743, 117 S.E. 500, nevertheless the rule seems to be that if a proper verdict is returned, one that is permissible under the charge and complete in itself, even though it contains surplusage, the court should have accepted it and directed its entry into the records as the verdict of the jury. This rule was first stated by Taylor, C.J., in *State v. Arrington,* 7 N.C. 571: "I

think this course of proceeding is fit to be imitated here, whenever a prisoner, either in terms or effect, is acquitted by the Jury, and that in all such cases the verdict should be recorded. . . . The verdict first returned ought to have been recorded; and it ought to be done now, *valeat quantum valere potest*," [A liberal translation, "It should have that effect now."] *State v. Arrington* has been cited with approval by this Court 20 times and has been cited in other jurisdictions. In effect the verdict first returned in the instant case was equivalent to a verdict of not guilty as to the charge of assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death. It was likewise equivalent to a verdict of not guilty of assault with a deadly weapon. The verdict excluded the intent to kill. It failed to include the use of any weapon. We conclude that nothing is left but a verdict of guilty of a simple assault.

In disposing of this case we use the language of this Court in *Perry:* "The judgment entered is vacated and the cause is remanded to the end that the court below may (1) strike the verdict entered, (2) record the one first tendered by the jury, and (3) pronounce judgment on the verdict thus recorded."

Error and remanded.