650 A.2d 727

**Rymundo Oryley Vernon CHAMBERS a/k/a Victor Vale**

v.

**STATE of Maryland.**

**No. 119, Sept. Term, 1993.**

Court of Appeals of Maryland.

Dec. 19, 1994.

Nancy S. Forster, Asst. Public Defender, (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RAKER, Judge.

We granted certiorari to consider whether Maryland Rule 4–327(f) [1] requires a trial court, upon request, to instruct the jury that it may recommend that the court show mercy to a criminal defendant. We hold that it does not.

The petitioner, Rymundo Oryley Vernon Chambers, a/k/a Victor Vale, was convicted by a jury in the Circuit Court for

---

1. Rule 4–327(f) provides:

    (f) **Recommendation of Mercy.**—A jury may recommend that the court show mercy to a defendant. The recommendation is not part of the verdict and is not binding upon the court.

Worcester County of possession of cocaine and possession of cocaine with intent to distribute, in violation of Maryland Code (1957, 1992 Repl.Vol., 1993 Cum.Supp.) Art. 27, §§ 287 and 286, respectively. He timely submitted the following proposed jury instruction concerning a recommendation of mercy:

> Members of the Jury, you have found the Defendant guilty. I am going to ask you to return to your jury room and decide whether or not the Court should show mercy to the Defendant in sentencing. When you have reached a decision, either yes or no, on whether the Court should show mercy upon the Defendant in sentencing please knock on the door, the bailiff will escort you back to your seats and the Clerk will ask the Foreperson for your answer.

The trial court refused to give this instruction, and Chambers' counsel noted a timely exception. The jury found Chambers guilty of both possession of cocaine and possession of cocaine with intent to distribute. At sentencing, the court merged the possession charge into the charge of possession with intent to distribute and sentenced the petitioner to 20 years imprisonment. The Court of Special Appeals affirmed the judgment, and we granted Chambers' petition for a writ of certiorari.

In urging reversal of the Court of Special Appeals, the petitioner argues that Maryland Rule 4–327(f) leaves a trial court no discretion over whether a requested mercy instruction is given. Petitioner supports this view with the following reasoning: Maryland Rule 4–325(c) requires a trial court, "at the request of any party ..., [to] instruct the jury as to the applicable law." [2] Maryland Rule 4–327(f), petitioner asserts, constitutes applicable law, namely the right of a jury to make a mercy recommendation and the right of a defendant to seek

---

2. Maryland Rule 4–325, concerning instructions to the jury, provides in section (c):

> (c) **How Given.**—The court may, and at the request of any party shall, instruct the jury as to the applicable law and the extent to which the instructions are binding. The court may give its instructions orally or, with the consent of the parties, in writing instead of orally. The court need not grant a requested instruction if the matter is fairly covered by instructions actually given.

one.   Therefore, when the defendant requests a mercy instruction pursuant to Rule 4–327(f), Rule 4–325(c) mandates that the trial court give the requested instruction.   Furthermore, petitioner contends, the error of refusing a mercy instruction is not harmless because "such a recommendation *might* have some mitigating effect on the ultimate sentence given."

Disagreeing with this last assertion, the Court of Special Appeals upheld petitioner's conviction in an unreported opinion.   The intermediate appellate court reasoned that because Rule 4–327(f) provides that a mercy recommendation by the jury does not bind the court, no prejudice resulted from the trial court's denial of the requested instruction.

We shall reach the same result as the Court of Special Appeals, but for different reasons.   We hold that juries should not be instructed that they may return a recommendation of mercy.   If the jury returns such a recommendation, it is not a part of the verdict, it is not binding on the trial court, and it should receive such weight as the trial judge deems appropriate after consideration of the evidence presented at trial, as well as additional information which may be presented at sentencing.   If during the course of deliberation the jury inquires whether they may return a verdict with a recommendation of mercy, leniency, clemency, or the like, the court should respond that they may do so, but that their recommendation is not binding upon the court.   Furthermore, they should be advised that it is within the sole discretion of the court to determine the appropriate sentence in the case.

I.

■   Maryland Rule 4–325(c) requires a trial court, "at the request of any party ..., [to] instruct the jury as to the applicable law" on a matter not fairly covered by instructions actually given.   Maryland Rule 4–327(f), on the other hand, provides that "[a] jury may recommend that the court show mercy to a defendant."   That recommendation, according to

the Rule, is neither a part of the verdict nor binding upon the court.

We begin by examining the interrelationship between Rules 4–325(c) and 4–327(f). In this regard, the question we must consider is whether the provision that a jury may recommend that the court show mercy to a defendant is considered "the applicable law" under Rule 4–325(c). If we find that it is not considered "the applicable law," we need not address the issue of whether the court has a duty to reform a technically inaccurate instruction or whether the failure to do so is harmless error.

We find that Rule 4–327(f), providing that a jury may recommend that the court show mercy to a defendant, is not "the applicable law" and thus does not create a "right" of the defendant to a mercy recommendation instruction. With the exception of death penalty and insanity cases, the sole function of the jury in a criminal case in Maryland is to pass on whether the defendant is guilty as charged, a decision based on the evidence presented at trial and the law pertaining to the case. To aid the jury in the exercise of this responsibility, courts charge or instruct the jury. *See* 2 Bishop, *New Criminal Procedure* § 975c, at 800 (2d ed. 1913). The main purpose of a jury instruction is to aid the jury in clearly understanding the case, to provide guidance for the jury's deliberations, and to help the jury arrive at a correct verdict. This duty of the court to "instruct the jury as to the applicable law and the extent to which the instructions are binding" is reflected in Maryland Rule 4–325(c). "[A] defendant is entitled to an instruction on every essential question or point of law supported by evidence." *Sims v. State*, 319 Md. 540, 550, 573 A.2d 1317, 1322 (1990) (citations omitted). Where the mission of the jury is to evaluate guilt, not set punishment, mercy is not an "essential question" before it, and Rule 4–325 therefore does not require the court to give any instruction about mercy.

This interpretation of the text of the Rules is in tune with the apparent intent of the drafters of Maryland Rule 4–327(f).

At the time this Rule was discussed prior to its original promulgation, Judge John Gray, then Chair of the Standing Committee on Rules of Practice and Procedure, explained that the Rule "recognize[s] the right of a jury to append to its verdict a recommendation of mercy." Letter from the Honorable John B. Gray, Jr., to Noah A. Hillman, Esq. (Mar. 21, 1960) (on file with the Court of Appeals Standing Committee on Rules of Practice and Procedure) [hereinafter cited as Letter from Judge Gray]. We have not, however, found any intimation that the defendant ever had or should have a "right" to require an instruction informing them of this prerogative.[3]

The purpose of Rule 4–327(f) was to restate the common law in the form of a rule. The predecessor to Rule 4–327(f), Maryland Rule 758(e), was adopted as part of a codification process which occurred in the late 1950s, a process intended to systematize procedural rules without necessarily changing them. In the preface to the 1961 volume of the Maryland Rules, Judge Gray, Chairman of the Standing Committee on Rules of Practice and Procedure, wrote that the committee had

> now complete[d] the project of codifying in a single volume substantially all of the procedural law affecting courts of general jurisdiction and the Court of Appeals. These rules replace the many procedural statutes and prior rules of Court, and are declaratory of many matters of procedure which have been recognized by decisions of the courts.

Gray, *Preface* to Maryland Rules at 3 (1961); *see also* Maryland Rule 1–201(c).

Judge Gray also specifically stated in a letter to a member of the bar that the mercy recommendation provision "is in-

---

**3.** We note that juries possess many rights and powers that are not included in jury instructions. For example, the jury is not told that it may disregard jury instructions altogether and return a verdict inconsistent with the evidence. Nor is the jury instructed that it may end in deadlock and "hang," or that it may have testimony available to it. *See* Maryland Rule 4–326(b).

tended to be declaratory of the present law." Letter from Judge Gray, *supra.* The law then, as now, was that in the absence of a statute to the contrary, recommendations of mercy were mere surplusage not affecting the verdict. *La Guardia v. State,* 190 Md. 450, 460, 58 A.2d 913, 918 (1948); *see also Gover v. Turner,* 28 Md. 600, 604–05 (1868); 22 *Encyclopaedia of Pleading and Practice* 848 (McKinney ed., 1902); 4 Torcia, *Wharton's Criminal Procedure* § 509, at 310 (13th ed. 1992).[4] Moreover, we have discovered no cases indicating that a criminal defendant in Maryland in 1960 (or in any place at any time) had a right to have a mercy instruction given to the jury, except under statutes providing for binding recommendations against capital punishment. *See Dimery v. State,* 274 Md. 661, 338 A.2d 56 (1975), *cert. denied,* 423 U.S. 1074, 96 S.Ct. 857, 47 L.Ed.2d 84 (1976); *cf. Grandison v. State,* 305 Md. 685, 757, 506 A.2d 580, 616 (holding that a mercy instruction would be impermissible within the modern capital punishment scheme), *cert. denied,* 479 U.S. 873, 107 S.Ct. 38, 93 L.Ed.2d 174 (1986). Thus, the "present law" when Judge Gray and the Rules Committee considered Rule 4–327(f) did not endow a criminal defendant with the right to a recommendation of mercy instruction.

Maryland Rule 4–327(f) ensures that any recommendation of mercy which a jury might append to its verdict under its ancient privilege will not be viewed as qualifying, impairing, or invalidating the jurors' verdict, or as requiring corrective measures by the trial judge. North Carolina has addressed this concern, in more general form, in a series of cases dealing with the trial judge's power to accept, reject, or modify a verdict with formal defects. *See State v. Sumner,* 269 N.C. 555, 153 S.E.2d 111 (1967) (error to reject ambiguous verdict where it was possible to cull ambiguous language and be left with a clear verdict); *State v. Gatlin,* 241 N.C. 175, 84 S.E.2d

---

4. This also appears to be the law in the federal courts and in our sister states. *See, e.g., Rogers v. United States,* 422 U.S. 35, 38, 95 S.Ct. 2091, 2094, 45 L.Ed.2d 1 (1975); *People v. Warner,* 289 Mich. 516, 286 N.W. 811, 813 (1939); *see also* Annot., *Recommendation of Mercy in Criminal Case,* 87 A.L.R. 1362 (1933).

880 (1954) (no error to reject verdict not responsive to charge, but error to offer suggestive guidance for revision of verdict); *State v. Perry,* 225 N.C. 174, 33 S.E.2d 869 (1945) (error to reject verdict containing clear verdict plus surplusage).

In light of the foregoing, we hold that petitioner's proposed instruction did not contain "applicable law," and that the trial court therefore had no obligation to give the instruction, either as submitted by petitioner or in any revised form.

## II.

We hold today that a mercy instruction should not be given, because we regard such an instruction as dangerously misguided. It is misguided because it is not the traditional office of the jury to consider mercy. Juries may have statutory power over punishment in some cases, *see* Maryland Code (1957, 1992 Repl.Vol., 1993 Cum.Supp.) Art. 27, § 413 (death penalty statute), and they always have the ability to nullify the application of the criminal law to a particular defendant. Nevertheless, at common law, a defendant generally had no right to mercy from the jury; that function was performed by other officers. *See generally* 4 Blackstone, *Commentaries* *363, *375–76 (mentioning the Crown, Parliament, courts, prosecutors, and clergy, but not juries, as possible sources of leniency). One court went so far as to hold that it was error to give a mercy instruction in response to a jury inquiry. In an early case, the Supreme Court of Nevada held that "the court should have disregarded the request of the jury for an instruction as to their rights and duties in recommending the defendant to the mercy of the court. The sole duty of the jury is to declare by their verdict whether the defendant is guilty or not guilty." *State v. Vasquez,* 16 Nev. 42, 44 (1881).

It is dangerous to give a mercy instruction because such an instruction has enormous potential to compromise the jurors' evaluation under the reasonable doubt standard, to inject emotion into the deliberative process, and to introduce the consideration of punishment into the guilt or innocence stage.

A most significant danger is that the mercy instruction might entice the jury to relieve the State of its burden of proof beyond a reasonable doubt; the jury, in an effort to compromise, might instead find a defendant guilty under a lesser standard, under the belief that the court will be merciful in sentencing.[5] Other courts which have considered this issue have expressed the same concern. *See, e.g., Rogers v. United States,* 422 U.S. at 40, 95 S.Ct. at 2095; *Warner,* 286 N.W. at 812 (1939); *Hackett v. People,* 8 Colo. 390, 8 P. 574 (1885).

In addition, by instructing the jury on a right to consider mercy, the trial court would improperly inject emotion and pity into the deliberations. During voir dire, most trial judges take careful measures to ensure that jurors can decide the case based upon the evidence, without regard to pity, passion, or any other emotion. *Mercy* is defined as "[f]orbearance from inflicting harm, esp. in the way of punishment ...; compassionate treatment of an offender or adversary; clemency.... Disposition to exercise compassion or forgiveness; mercifulness; pity; compassion; willingness to spare or to help." *Webster's New International Dictionary of the English Language* 1539 (2d ed. 1950). Thus, mercy, by definition, is outside the purview of proper jury deliberations.

Finally, we note that most jurisdictions provide an instruction in pattern instruction books that the jury should not consider punishment, as punishment is in the sole discretion of the court. *See, e.g.,* 1 E. Devitt et al., *Federal Jury Practice and Instructions* § 20.01 (4th ed. 1992); 5th Cir.Crim.Jury Instr. 1.21 (1990); 6th Cir.Crim.Jury Instr. 8.05 (1991); 8th Cir.Crim.Jury Instr. 3.12 (1992); 9th Cir.Crim.Jury Instr. 7.03

---

**5.** Indeed, this concern was raised by Judge John F. McAuliffe at the meeting of the Rules Committee on October 15 and 16, 1982. The minutes of the meeting reflect that Judge McAuliffe moved to delete section (f) of the Rule, then numbered 4–611, on the grounds that the possibility of mercy could improperly influence the jury's verdict. He withdrew this motion after another committee member, Senator Connell, suggested that since the Rule had not caused problems, there was no need to eliminate it. Court of Appeals Standing Committee on Rules of Practice and Procedure, Minutes of the 87th Report, at 47 (Oct. 15–16, 1982) (on file with the Committee).

(1992); 11th Cir.Crim.Jury Instr., Basic Instrs. ch. 10 (1985); CALJIC 3d 17.42 (Cal.1970); COLJI–Crim. No. 3:01 (Colo. 1983); Crim.Jury Instrs. for the District of Columbia, No. 2.71 (3d ed. 1978); PIK 2d 51.10 (Kan.1986); Pattern Instr. 5.09 (W.Va.1973). A mercy instruction, by contrast, openly invites the jury to consider punishment. This risks distracting the jurors from their designated task, and from their obligation to decide the case based on the evidence and the law. Such an invitation should never be sent, and Maryland Rule 4–327(f) does not require the court to send it.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY THE PETITION-ER.**

ELDRIDGE and BELL, JJ., concur.

RODOWSKY, J., concurs in the judgment only.

BELL, Judge, concurring.

Maryland Rule 4–325(c) requires a trial court, "at the request of any party, [to] instruct the jury as to the applicable law" on a matter not fairly covered by instructions actually given. Maryland Rule 4–327(f), on the other hand, provides:

> (f) *Recommendation of mercy.*—A jury may recommend that the court show mercy to a defendant. The recommendation is not a part of the verdict and is not binding upon the court.

Thus, although the recommendation is neither a part of the verdict nor binding upon the court, the rule clearly and unequivocally permits "a jury [to] recommend that the court show mercy to a defendant."

The majority holds that Maryland Rule 4–327(f), read in light of Maryland Rule 4–325(c), does not mean what it clearly says, that in effect, the former rule has no meaning. Specifically, and in essence, it concludes that, notwithstanding a defendant's request that the trial court instruct the jury, consistent with the rule, that it may recommend that the court show mercy, except in capital punishment and insanity cases,

the court need not and, indeed, must not, give such an instruction.

This conclusion was reached, we are told, by examining the interrelationship between Rules 4–325(c) and 4–327(f). Reasoning circularly, the majority posits: since Rule 4–327(f) is neither binding on the court, nor a part of the verdict, it does not qualify as "the applicable law" under Rule 4–325(c), and, hence, does not invest a defendant with the "right" to such an instruction. Moreover, according to the majority, because the jury's sole function in a criminal case is to decide guilt or innocence, not to set punishment, "mercy is not an 'essential question' before it, and Rule 4–325 therefore does not require the court to give any instruction about mercy." *See* Majority op. at 48–49. This is apparently true even when there is a rule providing otherwise.

The petitioner timely requested a jury instruction informing the jury that it could recommend mercy and he timely noted exceptions when the court refused to give it. The requested instruction was:

Members of the Jury, you have found the Defendant guilty. I am going to ask you to return to your jury room and decide whether or not the Court should show mercy to the Defendant in sentencing. When you have reached a decision, either yes of [sic] no, on whether the Court should show mercy upon the Defendant in sentencing please knock on the door, the ba[i]liff will escort you back to your seats and the clerk will ask the Foreperson for your answer.

Because I conclude that the proposed instruction inaccurately stated the applicable law, was potentially misleading, and was not one that should be reformulated, I would hold that the trial court properly refused to propound it. I would also hold, however, that a mercy instruction, timely requested by the defense, which both accurately states the law and is applicable under the existing facts and circumstances, must be given. Thus, a request that the jury be instructed that if the defendant is found guilty then a recommendation of mercy may be made to the judge, should be honored. Thus, while I reach

the same result as the majority does—affirmance of the judgment of the Court of Special Appeals—I do so for entirely different reasons. Indeed, I absolutely, and categorically, reject the rationale advanced by the majority. I will explain.

In the case *sub judice,* the petitioner's proposed mercy instruction is consistent with Maryland Rule 4–327(f). Cognizant of the fact that a recommendation of mercy has no relevance to the jury deliberations on the merits, *i.e.,* the defendant's guilt or innocence, Rule 4–327(f) proceeds on the assumption that the jury has decided the merits adverse to the petitioner. Likewise, the proposed instruction addresses proceedings to occur subsequent to the jury's rendition of its verdict. As the State puts it, *see* State's brief at 4, the proposed instruction presupposes a bifurcated proceeding, in the second stage of which the issue the jury is asked to determine is whether it should recommend that the court show mercy to the defendant.

Both when the petitioner submitted the proposed instruction to the trial court and, later, when it excepted to the court's refusal to give it, the posture of the case and that presupposed by the instruction were not consistent. At both times, the issue before the court and, therefore, before the jury, were the merits—the petitioner's guilt or innocence of the charges on trial. The proposed instruction, on the other hand, having presupposed the petitioner's guilt, was aimed at a stage of the proceedings which had yet to occur and, indeed, might never occur. Because it did not address the issue before the court and, indeed, anticipated a decision that the jury may or may not have reached, the proposed instruction was erroneous, *i.e.,* it did not correctly state the applicable law.[1] But not only was it inaccurate, *see Collins v. State,* 318 Md. 269, 290, 568 A.2d 1, 11, *cert. denied,* 497 U.S. 1031, 110 S.Ct. 3296, 111 L.Ed.2d 805 (1990), it was also potentially

---

1. Maryland Rule 4–325(c) has been interpreted by this Court as having applicability when a proposed instruction correctly states the applicable law and has not been fairly covered in the instructions actually given. *Lansdowne v. State,* 287 Md. 232, 239, 412 A.2d 88, 91 (1980).

misleading. *See Hunt v. State,* 321 Md. 387, 405, 583 A.2d 218, 226, *cert. denied,* 502 U.S. 835, 112 S.Ct. 117, 116 L.Ed.2d 86 (1991).

I reject the petitioner's argument that the trial court was under an obligation, under the facts of this case, to reformulate his requested jury instruction and, as reformulated, so instruct the jury. To be sure, this Court has held that, where a requested instruction is technically erroneous, the trial court has the obligation to correct it and include it in the court's charge. *See Privette v. State,* 320 Md. 738, 747–48, 580 A.2d 188, 192 (1990); *Noel v. State,* 202 Md. 247, 252, 96 A.2d 7, 10 (1953). None of the cases so holding is comparable to the case *sub judice.* In each of them, unlike in the case *sub judice,* the proposed instruction pertained to the merits; it was directly relevant to the defendant's guilt or innocence and, as such, implicated the defendant's right to a fair trial.

In *Privette,* for example, the defendant, being charged with unlawfully operating an uninsured motor vehicle, *i.e,* "operating a motor vehicle not covered by insurance while he had knowledge that he was not insured," *id.,* 320 Md. at 748, 580 A.2d at 192, sought to have the jury instructed "concerning the requirement imposed by law upon the MVA when it received notice of insurance cancellation." *Id.* at 747, 580 A.2d at 192; Maryland Code (1977, 1987 Repl.Vol.), § 17–106(a) of the Transportation Article. Despite characterizing the defendant's proposed instruction as a "mish-mash of garbled verbiage, more apt to confuse than to inform," *id.,* we held that it was an appropriate request.[2] We explained:

---

2. The defendant's proposed instruction read as follows:
    (c) **Administration to notify owner of suspension.—**
    On receipt of a notice under subsection (b) of this section, the Administration shall make a reasonable effort to notify the owner of the vehicle that his registration has been suspended.
    (d) **Owner to surrender evidences of registration.—**
    (1) Within 48 hours after an owner is notified by the Administration of the suspension of registration, the owner shall surrender all evidences of that registration to the Administration.
    (2) If the owner fails to surrender the evidences of registration within the 48–hour period, the Administration:

If Privette operated an uninsured motor vehicle with knowledge that it was uninsured, then he was guilty, whether the MVA carried out its statutory duties or not. But that was not the question Privette sought to raise. His defense was that he thought he had obtained insurance when he received a binder number from his agent at the time he purchased the vehicle; that he did not realize that premiums were not being paid because his wife handled his finances; and, that he was confident he still had insurance because the MVA had never advised him to the contrary, or attempted to pick up his tags, and in fact had issued new tags to him each year. To support his argument that he was justified in placing reasonable reliance on the action by the MVA, he wished to have the jury instructed concerning the law as it related to the MVA's obligations.

*Id.* We iterated, and emphasized, quoting Maryland Rule 4–325(c), and *Noel v. State,* 202 Md. at 252, 96 A.2d at 10, the court's obligation to instruct the jury as to the applicable law when requested by a party. In *Noel,* the instruction at issue involved the importance and weight of character testimony. Although neither the defendant nor the State had requested an instruction on that subject, at the court's invitation, the defendant objected to its absence from the court's charge. This Court reversed the trial court's refusal to amplify its charge to cover the subject, noting in the process that "it has been held that where there was a request for instruction that was technically erroneous, the court should have included a correct instruction in [its] charge." 202 Md. at 252, 96 A.2d at 10, citing *Colbert v. United States,* 146 F.2d 10 (D.C.Cir.1944). *See also Clark v. State,* 80 Md.App. 405, 564 A.2d 90 (1989) (dispositional consequences of a verdict of not criminally responsible); *Gooch v. State,* 34 Md.App. 331, 367 A.2d 90 (1976), *cert. denied,* 280 Md. 735, 367 A.2d 90 (1977) (evidence of a good character itself can be enough to raise reasonable

---

(i) Shall attempt to recover from the owner the evidences of registration; and

(ii) May suspend his license to drive until he returns to the Motor Vehicle Administration the evidences of registration.

doubt); *Braxton v. State,* 11 Md.App. 435, 274 A.2d 647, *cert. denied,* 262 Md. 745, 274 A.2d 647 (1971) (significance of character evidence on guilt or innocence of accused).

Where the proposed instruction involves a matter that normally is not within the province of the jury and, thus, the jury's actions on that matter are not dispositive, or binding on the party responsible for its resolution, the trial court need not give the instruction unless it is requested by the defendant,[3] is an accurate statement of the law, and is applicable under the existing facts and circumstances. This is especially the case when, as here, the mere giving of the instruction is fraught with the potential for infringing upon the jury's legitimate and exclusive function, *see Johnson v. State,* 325 Md. 511, 518–19, 601 A.2d 1093, 1096 (1992); *Doering v. State,* 313 Md. 384, 408–09, 545 A.2d 1281, 1293–94 (1988); *Shoemaker v. State,* 228 Md. 462, 469, 180 A.2d 682, 685 (1962), a concern identified in *LaGuardia,* 190 Md. 450, 460, 58 A.2d 913, 918 (1948), and echoed by the majority. That possibility exists in this case by virtue of the fact that, by being given a recommendation of mercy instruction, the jury acquires knowledge that may induce it, or members of it, to abdicate responsibility to resolve the case on the basis of reasonable doubt in favor of reliance on the trial court to ameliorate that abdication through the exercise of its sentencing prerogative.[4]

That said, the jury's right to recommend mercy, embodied in a rule promulgated by this Court, is not unimportant. In that regard, consequently, I reiterate, re-emphasize, and remind the majority of this Court's oft-repeated admonition: the Maryland Rules are "precise rubrics established to promote the orderly and efficient administration of justice and . . . are

---

3. The risk is, of course, that of the accused, and thus one which he or she may choose to accept or not.

4. It is true, of course, as the petitioner points out, that including in the instruction the fact that the mercy recommendation is not a part of the verdict and is non-binding, reduces the potential for juror misuse of the power to make a recommendation and that the risk of prejudice is the defendant's to take. It does not eliminate the potential infringement, however.

to be read and followed." *See Goins v. State,* 293 Md. 97, 109, 442 A.2d 550, 556 (1982); *State v. Ricketts,* 290 Md. 287, 292, 429 A.2d 1025, 1027–28 (1981); *Countess v. State,* 286 Md. 444, 463, 408 A.2d 1302, 1311 (1979). Accordingly, I categorically reject the majority's argument, based on *La Guardia v. State, supra,* that Rule 4–327(f) is meaningless,[5] codifying only a privilege, rather than a right, of which the jury need not, therefore, be informed.

I believe that the rule does mean something; otherwise, it would not have been promulgated. By its promulgation, the jury was given the right to recommend mercy. But that right cannot be exercised unless the jury is aware of it. Hence, the only conceivable basis for stating in the rule that "a jury may recommend that the court show mercy to a defendant" is to provide a means by which the jury is informed that it may do so, that it has that right.[6] It is for this reason that I conclude and would, therefore, hold, that a defendant's request that the jury be instructed that if the defendant is found guilty then a

---

**5.** As the majority recognizes, answering the question posed by the petitioner involves rules construction, "examining the interrelationship between Rules 4–325(c) and 4–327(f)." Majority op. at 4. One well established Rule of statutory construction, which applies equally to the construction of the Maryland Rules, *see State v. Montgomery,* 334 Md. 20, 24, 637 A.2d 1193, 1195 (1994), *State of New Jersey Ex Rel. Lennon v. Strazzella,* 331 Md. 270, 274, 627 A.2d 1055, 1057 (1993), is that, where two statutes deal with the same subject matter, they should be construed together and, to the extent possible, harmonized, *Cicoria v. State,* 332 Md. 21, 42, 629 A.2d 742, 752 (1993); *State v. Bricker,* 321 Md. 86, 93, 581 A.2d 9, 12 (1990), with full effect being given to each. *Bricker,* 321 Md. at 93, 581 A.2d at 12. An interpretation that gives effect to only one of the two rules involved in this case should be avoided and rejected. *See GEICO v. Insurance Comn'r,* 332 Md. 124, 132, 630 A.2d 713, 717 (1993). The majority woefully misses the mark in this regard.

**6.** The majority correctly points out that "the jury is not told that it may disregard jury instructions altogether and return a verdict inconsistent with the evidence. Nor is the jury instructed that it may end in deadlock and 'hang,' or that it may have testimony available to it." Majority op. at 49, n. 3. None of these matters is, like Rule 4–327(f), the subject of a rule. Moreover, to the extent that Maryland Rule 4–326(b) is relevant to this discussion, its focus is on the court and its procedures and not, as in the case of Rule 4–327(f), the jury's function.

recommendation of mercy may be made to the judge, should be honored.

The State suggests, and the majority concurs, that Rule 4–327(f) "merely iterates the law regarding the recommendation of mercy, by a jury as recognized and set forth by this Court in *LaGuardia.*" [7] State's brief at 7–8. Thus, the majority asserts that there is no "right" of the jury to attach a recommendation to its verdict. Majority op. at 48. And, because any recommendation is unrelated to the jury's determination on the merits, a recommendation of mercy by the jury "is not an 'essential question' before it, and Rule 4–325 therefore does not require the court to give any instructions about mercy." *Id.* at 48.

As the petitioner points out, Rule 758.e., the predecessor to Rule 4–327(f), was promulgated more than 10 years after the *LaGuardia* decision. *See* Order Adopting Rules of Practice and Procedure, dated September 15, 1961, adopting the Twentieth Report of the Standing Committee on Rules of Practice and Procedure. The timing of its promulgation as well as the minutes of the Rules Committee refute any notion that, when adopted, Rule 758.e. was intended merely to codify the *LaGuardia* decision and nothing more. Certainly, this Court was well aware not only of that decision, but also its import. That the Rules Committee was as well is reflected in its deliberations and those of its subcommittees. Although in the First Subcommittee Draft, dated September 4, 1957, and the First Committee Draft, dated November 4, 1957, the rule, then designated as Rule 739.e., provided only that the jury "may attach to its verdict a recommendation to the court to show mercy," which "shall not be binding on the court," subsequent drafts and the rule as adopted contained either a proviso or a cross reference clearly recognizing the distinction *LaGuardia* drew. The Second Committee Draft, dated March

---

7. The State also says that its promulgation was not intended to make a recommendation of mercy which a jury might append to its verdict a matter of right; it was merely intended to recognize "a jury's ancient privilege to recommend mercy." State's Brief at 9.

18, 1959, added to then proposed Rule 740.e., the proviso: "except in cases involving murder in the first degree, rape and assault with intent to rape in which cases a recommendation of mercy shall be governed by the provisions of sections 413, 463 and 12 of Article 27." The proviso became a cross reference in the Final Committee Draft, dated September 1, 1959, which the Court adopted. The cross reference was deleted on January 31, 1977, without explanation. *See* The Fifty-third Report of the Court of Appeals of Maryland's Standing Committee on Rules of Practice and Procedure.

In its opinion, Majority op. at 48, the majority notes that, in a letter in 1960, the then Chairman of the Rules Committee, indicated that Rule 758.e. was "intended to be declaratory of the present law." But that is not all he said in that letter:

It [Rule 758.e.] may not be as lucid as it should be, but does recognize the right of a jury to append to its verdict a recommendation of mercy, although the punishment is, as it always has been, in the hands of the judge. Of course this is entirely different from a qualified verdict in a murder or rape case.

The majority offers as the rationale underlying its holding the fact that Maryland law reserves to the judge the sentencing function and delegates to the jury only the function of determining the merits of the defendant's guilt or innocence by applying the applicable law to the evidence presented at trial. I do not dispute that the majority accurately states the delegation of responsibility in that regard. Indeed, both prior to, and after, the promulgation of the predecessor to Rule 4–327(f), the jury's sole function was the guilt/innocence determination. There is a flaw in the majority's reasoning, however. It fails to recognize, or at least, to give any effect to, the fact that the Rules Committee recommended, and this Court promulgated, Rule 758.e. and that, in so doing, they must have had some purpose in mind. As I have indicated, that purpose was not simply to codify existing Maryland law. Thus, in the face of a rule specifically permitting the jury to make a recommendation of mercy, *albeit* one that is not a part of the verdict or binding on the trial court, the refutation of the

effect of that rule requires that the majority do more than simply point out that it permits jury input in an area of responsibility not traditionally that of the jury. Presumably, the Rules Committee, when it made the recommendation, and the Court of Appeals, when it promulgated the rule, were aware of that fact and intended that effect. In any event, we must presume that this Court was aware of the state of the law when it promulgated the rule.[8] And, of course, the right to recommend mercy is not the right to sentence.

The real reason for the majority's holding is revealed in part II of the majority opinion. After the fact, and in the nature of a second guess, the majority feels that the rule this Court promulgated in 1961 and has left intact ever since "is [dangerously] misguided because it is not the traditional office of the jury to consider mercy."[9] Majority op. at 51. This rationalization is certainly directly relevant and an appropriate consideration prior to a rule's adoption, when the issue to be decided is its propriety. Once the rule is adopted, however, the considerations determinative of its validity change and the wisdom of its adoption is moot, except when there is a subsequent effort to amend it. Thus, the subject rationalization, clearly properly considered prior to the promulgation of Rule 4–327(f), ordinarily is improper, post promulgation. It

---

**8.** The North Carolina cases cited by the majority are simply inapposite. In neither *State v. Sumner*, 269 N.C. 555, 153 S.E.2d 111 (1967), *State v. Gatlin*, 241 N.C. 175, 84 S.E.2d 880 (1954), nor *State v. Perry*, 225 N.C. 174, 33 S.E.2d 869 (1945) was there a rule comparable to Maryland Rule 4–327(f). What these cases do point out, however, is that a rule is not necessary to "[ensure] that any recommendation of mercy which a jury might append to its verdict under its ancient privilege would not be viewed as qualifying, impairing, or invalidating the jurors' verdict, or as requiring corrective measures by the trial judge." Majority op. at 50. In any event, if that were the purpose of the rule, that would have been, and, indeed, necessarily so, accomplished by a rule which did not recognize the jury's right to make a recommendation of mercy. The rule in that event would have consisted of only the second sentence; the first would not have been necessary.

**9.** It is appropriate, at this point, to remind the majority that even the State recognizes that the jury has long been privileged to recommend mercy in a criminal case, *see* n. 7, supra, and that the right to recommend mercy is not the same as the right to sentence.

simply is not the office of rule construction to invalidate a properly promulgated and clearly worded rule. The majority does not purport to challenge this Court's authority to have promulgated the rule or the wisdom of its having done so. Yet, by focusing on the traditional jury function as the dispositive factor and giving no effect to the clear meaning of the rule as validly adopted, the majority does not construe Rule 4–327(f); long after the fact, the majority invalidates it.

ELDRIDGE, J., joins in the views expressed herein.